UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

UNITED STATES OF AMERICA,

                                  **ORDER**
                                  19-CR-334 (MKB)

         - against -

MATTHEW OTTEY,

                        Defendant.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       On March 4, 2021, Defendant Matthew Ottey pleaded guilty to one count of possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). (Plea Hr'g Minute Entry dated Mar. 4, 2021.) On September 3, 2021, the Court sentenced Ottey to three years of probation and mandated special conditions of supervision, including electronic monitoring and home confinement for six months, a drug treatment and mental health evaluation, and, if necessary, any treatment program recommended and approved by the Probation Department ("Probation"). (Judgment 1, 4, Docket Entry No. 42.) On October 12, 2023, Ottey moved for early termination of probation pursuant to 18 U.S.C. § 3564(c). (*See* Def.'s Mot. for Early Termination of Probation/Supervised Release ("Def.'s Mot."), Docket Entry No. 48.) The Government opposes the motion, and Probation does not recommend early termination.[1] (Gov't's Opp'n 1; Probation Report 1, 3.) Ottey is scheduled to complete his term of probation in approximately nine months on September 2, 2024. (Probation Report 3.)

---

[1] (Gov't's Opp'n to Def.'s Mot. ("Gov't's Opp'n"), Docket Entry No. 50; Report on Offender Under Supervision: Request for Early Termination of Supervision ("Probation Report"), Docket Entry No. 49.)

For the reasons discussed below, the Court denies Ottey's motion for early termination of probation.

## I. Discussion

### a. Standard

A district court may "terminate a term of probation previously ordered and discharge the defendant . . . at any time after the expiration of one year of probation . . . , if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). In deciding whether to grant early termination of probation, the court is required to consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.*[2]

"Early termination is not, however, 'warranted as a matter of course,' and decisions regarding termination and modification are within the discretion of the district court." *United States v. Rosario*, No. 17-CR-27, 2023 WL 7305260, at *2 (S.D.N.Y. Nov. 6, 2023) (quoting *United States v. Bastien*, 111 F. Supp. 3d 315, 321 (E.D.N.Y. 2015)); *see also United States v. Sheckley*, 129 F.3d 114, 1997 WL 701370, at *1 (2d Cir. 1997) (unpublished table decision) ("[T]he determination of early release is a discretionary decision made by the district court." (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997))); *Bastien*, 111 F. Supp. 3d at 321

---

[2] Although 18 U.S.C. § 3564(c) is not identical to the statute permitting early termination of supervised release, *see* 18 U.S.C. § 3583(e)(1), courts treat the statutes as if they are interpreted *in pari materia* and apply decisional law interpreting one statute to motions brought pursuant to the other. *See, e.g.*, *United States v. Solano*, No. 19-CR-17, 2023 WL 4599937, at *1–2 (E.D.N.Y. July 18, 2023); *United States v. Leone*, No. 02-CR-528, 2013 WL 867527, at *2 n.3 (E.D.N.Y. Mar. 4, 2013) ("While [*United States v. Lussier*, 104 F.3d 32 (2d Cir. 1997)] regards a request for modified supervised release, both *Lussier* and the present case regard the [c]ourt's power to terminate after considering the section 3553 factors."); *United States v. Simon*, No. 09-CR-118, 2012 WL 4842249 (S.D.N.Y. Oct. 10, 2012) (applying the *Lussier* standard in context of a motion pursuant to 18 U.S.C. § 3564(c)); *see also United States v. Wachsman*, No. 04-CR-902, 2008 WL 5042842, at *1 (E.D.N.Y. Nov. 25, 2008) (noting that "the statutory language of the two sections is essentially the same").

(reiterating that early termination "is not warranted as a matter of course" (quoting *United States v. Fenza*, No. 03-CR-921, 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013))).

While a defendant is "not entitled to early termination simply because he has successfully served a portion of his [probation] term," *Sheckley*, 1997 WL 701370, at *2, new or changed circumstances are not required to terminate or modify the conditions of probation, *see United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016); *Lussier*, 104 F.3d at 36. "So long as the court, when modifying [probation] conditions, considers the relevant [section] 3553(a) sentencing factors, there is no additional requirement that it make a finding of new or changed circumstances with respect to the defendant." *Parisi*, 821 F.3d at 347 (citations omitted). A court may consider, for example, whether the defendant's conduct has rendered the term of probation "too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Lussier*, 104 F.3d at 36. Accordingly, courts in this District have declined to grant early termination based solely on compliance with the terms of probation or supervised release, *see, e.g.*, *United States v. Linick*, No. 13-CR-120, 2023 WL 3570664, at *2 (E.D.N.Y. May 18, 2023); *United States v. Lewis*, No. 13-CR-487, 2020 WL 1275233, at *2 (E.D.N.Y. Mar. 17, 2020), but have granted motions for early termination in light of rehabilitative efforts and exceptionally good conduct, *see, e.g.*, *United States v. Hutchinson*, 577 F. Supp. 3d 134, 135 (E.D.N.Y. 2021); *United States v. Jiminez*, No. 92-CR-91, 2021 WL 535208, at *1–2 (E.D.N.Y. Feb. 12, 2021); *United States v. Thomas*, 346 F. Supp. 3d 326, 335–36 (E.D.N.Y. 2018); *United States v. Wood*, No. 88-CR-723, 2009 WL 3259422, at *2 (E.D.N.Y. Oct. 8, 2009).

    **b.   The Court declines to terminate Ottey's probation**

Ottey argues that early termination is warranted because his "exemplary conduct and exceptional dedication to reversing the course of his life — including by defeating a lifelong

substance abuse disorder — demonstrate[] that he does not require continued supervision." (Def.'s Mot. 1.)  Prior to sentencing, Ottey successfully completed an in-patient drug and alcohol rehabilitation program at the Elev8 Wellness Center.  (*Id*. at 4.)  In October of 2020, after a year of counseling, he graduated from a subsequent outpatient program.  (*Id.*)  Ottey contends that he has been able to "finally conquer his addiction," and "[h]is sobriety has revealed the reliable, productive person his family knows him to be."  (*Id.* at 5.)  Ottey currently lives with his disabled sister, and provides both logistical and financial support for her, including paying the bills, shopping for groceries, cooking meals, and accompanying her to physical therapy.  (*Id.*)  In addition, Ottey has "shown himself to be a trustworthy and devoted co-parent," and "shares an informal custody arrangement with the child's mother and supports them both financially."  (*Id.*)  Ottey argues that early termination is within the Court's discretion, upon consideration of the section 3553(a) factors, and notes that "[n]ew or exceptional circumstances are not a prerequisite to early termination."  (*Id*. at 5–6 (citing *Parisi*, 821 F.3d at 347).)  In addition, Ottey argues that "a court's ability to terminate supervision early provides an opportunity to reevaluate the efficacy of a previously imposed supervised release term with actual information about the defendant's conduct while incarcerated and on supervision."  (*Id.* at 6 (citing *United States v. Trotter*, 321 F. Supp. 3d 337, 364 (E.D.N.Y. 2018)).)

      The Government argues that "early termination of probation 'is not warranted as a matter of course,' or where the defendant has simply complied with the conditions of his supervision." (Gov't's Opp'n 3 (citing *United States v. Gerritson*, No. 01-CR-1081, 2004 WL 2754821, at *3 (S.D.N.Y. Dec. 1, 2004)).)  The Government also points to *United States v. Medina* for the proposition that "good conduct alone 'cannot be sufficient reason to terminate [supervision] since, if it were, the exception would swallow the rule.'"  (*Id.* (alteration in original) (quoting

4

*United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998)).)  The Government contends that the Second Circuit's decision in *Lussier* requires "changed circumstances" such that the imposed term of supervision was "too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)."  (*Id.* (quoting *Lussier*, 104 F.3d at 36).)  The Government argues that Ottey has merely complied with the terms of his supervision and his motion "presents no changed or extraordinary circumstances that would warrant early termination."  (*Id.*)  In support, the Government argues that Ottey has not shown "undue hardship" nor that "continued supervision negatively affects his ability to work, care for his family or otherwise live his life in any way."  (*Id.*)  Finally, the Government argues that the section 3553(a) factors weigh against early termination, due to Ottey's offense conduct and that he already received a sentence substantially below the applicable Guidelines range.  (*Id.* at 3–4.)

Probation observes that Ottey completed another outpatient substance abuse program in March of 2022 and that his last positive drug test was in February of 2020.  (Probation Report 2.)  Although Ottey has struggled to find and maintain employment, he worked as a custodian for the New York City Parks Department from June of 2022 to October of 2022, and, since May of 2023, he has worked as a home care worker through Heart to Heart Home Care.  (*Id.* at 2–3.)  Probation notes that "Ottey maintains a positive relationship with his family and is positively involved in co-parenting his five (5) year old son."  (*Id.* at 3.)  While Probation does not minimize his accomplishments and positive attitude towards supervision, it "cannot recommend early termination of supervision at this time" based "on the entirety of this case, Mr. Ottey's violent criminal history, as well [as] the various factors which control early termination of supervision."  (*Id.*)

5

While the Court commends Ottey for his full compliance with the terms of his probation, continued rehabilitation, and commitment to his family, this conduct ultimately aligns with what was expected of Ottey at the time of his sentencing and does not amount to such "exceptionally good behavior" as to render the conditions of his probation "too harsh or inappropriately tailored to . . . the general punishment goals of section 3553(a)." *Lussier*, 104 F.3d at 36; *Rosario*, 2023 WL 7305260, at *3 (denying motion for early termination, made twenty-two months into a three-year term, because avoiding infractions while in BOP custody, complying with the terms of his supervised release, and engaging in volunteer work "ultimately aligns with what was expected of [the defendant] at the time of his sentencing"); *United States v. Stein*, No. 09-CR-377, 2020 WL 4059472, at *2 (E.D.N.Y. July 19, 2020) (denying motion for early termination, made two years into a five-year term, because making timely restitution payments, avoiding probation violations, complying with travel notice requirements, and remaining employed did not amount to "exceptionally good behavior" warranting early termination); *United States v. Sarna*, No. 06-CR-1067, 2009 WL 2633153, at *1 (S.D.N.Y. Aug. 26, 2009) ("Complying with court-imposed sanctions and providing for one's family is expected.").

In addition, the factors set forth in section 3553(a) weigh against terminating Ottey's probation. First, Ottey already received a sentence substantially below the recommended Sentencing Guidelines range. (Sent'g Tr. 5:5–12 (noting a Guidelines range of 57 to 71 months of incarceration and a supervised release term of one to three years), Docket Entry No. 47; *id.* at 12:17–18 ("[A] sentence below the guideline is warranted.").) Further reducing the sentence would risk creating or heightening sentencing disparities with other defendants who have committed similar crimes. *See* 18 U.S.C. §§ 3553(a)(4), (a)(6); *see also United States v. Zeigler*,

6

No. 06-CR-680, 2023 WL 1819320, at *2 (E.D.N.Y. Feb. 8, 2023); *Stein*, 2020 WL 4059472, at *2.

Second, and more importantly, continued supervision will help ensure that Ottey remains sober. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(D). At sentencing, the Court carefully balanced the section 3553(a) factors and imposed a sentence substantially below the Guidelines range, in part, because Ottey had already demonstrated "extraordinary rehabilitation," including achieving sobriety after a lifetime of addiction. (Sent'g Tr. 12:15–13:9.) Because of Ottey's substance abuse history, the Court imposed special conditions of probation related to substance abuse evaluations and regular drug and alcohol testing. (Judgment 4.) When considering "the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), the Court finds that continued probation would help ensure that Ottey remains sober and continues to be a productive member of society. *See United States v. Solano*, No. 19-CR-17, 2023 WL 4599937, at *2–3 (E.D.N.Y. July 18, 2023) (crediting the defendant's participation in substance abuse and sex offender treatment but denying early termination motion because, *inter alia*, additional treatment would benefit the defendant).

## II. Conclusion

Having considered the facts, the applicable law, the parties' arguments, and the relevant 18 U.S.C. § 3553(a) factors, the Court denies Defendant Ottey's motion for early termination of probation.

Dated: January 9, 2024
       Brooklyn, New York

SO ORDERED:

       /s/ MKB
MARGO K. BRODIE
United States District Judge